**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10333 |
| Plaintiff-Appellee, | D.C. No.<br>1:16-cr-00013-LJO |
| v. | |
| KARL SENNERT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and MCSHANE,[**] District Judge.

Karl Sennert appeals his misdemeanor convictions following a bench trial

for improper disposal of human waste in violation of 36 C.F.R. § 2.14(a)(8) and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

disorderly conduct in violation of 36 C.F.R. § 2.34(a)(4). We have jurisdiction under 28 U.S.C. §1291 and affirm.

At trial, Sennert argued that the witnesses misidentified him as the individual responsible for disposing of sewage from a recreational vehicle onto a roadway. He did not argue that the sewage was disposed of accidently or inadvertently. On appeal, he argued for the first time that the magistrate judge erred by failing to make a specific finding as to whether Sennert had the appropriate *mens rea* to support the convictions. This argument fails because Sennert did not request that the magistrate judge make specific findings of fact under Federal Rule of Criminal Procedure 23(c). It is presumed from a general finding of guilt that the trial court found each element satisfied. *United States v. Pace*, 454 F.2d 351, 356-57 (9th Cir. 1972); *Lustiger v. United States*, 386 F.2d 132, 135-36 (9th Cir. 1967).

Substantial evidence in the record supports the convictions. *See United States v. Bibbins*, 637 F.3d 1087, 1094-95 (9th Cir. 2011).[1] The statements of the magistrate judge cited by Sennert were preliminary views of the evidence offered before closing arguments, not findings of fact. In his ultimate order, the magistrate

---

[1] We need not decide whether a violation of 36 C.F.R. § 2.14(a)(8) is a strict liability offense. By finding Sennert guilty of disorderly conduct in violation of 36 C.F.R. § 2.34(a)(4), the magistrate judge necessarily found that Sennert acted knowingly or recklessly.

judge noted questions surrounding Sennert's credibility and specifically rejected Sennert's mistaken identity defense.

Sennert also argues the magistrate judge erred in determining the amount of restitution. "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed *de novo*." *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004) (citation omitted). The magistrate judge adequately set forth his reasoning in evaluating the submissions and determined that the detailed accounting found in the billing records was likely more accurate than an initial estimate of cleanup costs. The two submissions were not drastically different and the spreadsheet contained no "clear inconsistencies" or "pronounced red flags." *United States v. Brock-Davis*, 504 F.3d 991, 1002 (9th Cir. 2007). Adequate evidence in the record supported the restitution order. *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011).

**AFFIRMED**.